PETERSON v. DE BAUN.

(Supreme Court, Appellate Division, Second Department.   January 10, 1899.)

1. EJECTMENT—OUSTER BY CO-TENANT.
    In ejectment by a co-tenant, an answer denying knowledge or information sufficient to form a belief as to plaintiff's interest, and an allegation of title and possession in defendant co-tenant, is an ouster, within Code Civ. Proc. § 1515, providing that a co-tenant bringing ejectment must prove that defendant co-tenant ousted him.

2. WILLS—TITLE ACQUIRED.
    A devise was to one for life, remainder to the widow and heirs of testator's brother for life in equal proportions, and "after each of their decease," to their heirs and assigns by representation. The brother left a widow and two daughters as heirs. Of the daughters, one left as heirs plaintiff and another child, and the other daughter of the widow left as heirs two children. Held that, as the abolition of the rule in Shelley's Case vested the fee in the heirs of the brother's widow and of her daughters as purchasers, the plaintiff had a one-ninth undivided interest in the lands, being her share in fee of her mother's undivided third life estate, her mother having alienated her remainder in the widow's one-third.

3. SAME—SUSPENDING ALIENATION.
    Conceding that the devise intended the remainders in the fee to vest only on the death of all life tenants, the plaintiff derived no title whatever, because the devises would then be void, as suspending alienation beyond three lives.

Appeal from special term, Rockland county.

Action by Julia A. Peterson against John De Baun.   From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George R. Bristor, for appellant.
Garrett Z. Snider, for respondent.

CULLEN, J.   This action is in ejectment, to recover an undivided fifth part of certain lands in the county of Rockland.   The answer of the defendant denied any knowledge or information sufficient to form a belief as to plaintiff's interest, and alleged title and possession in himself.   The trial court found that the plaintiff

had an interest in the property, but held that there had been no actual ouster of the plaintiff by the defendant, and on this ground dismissed the complaint. This disposition of the case was erroneous. The claim of title and possession set up in the answer was sufficient to constitute an ouster, within section 1515 of the Code of Civil Procedure. It becomes necessary, therefore, to examine the title of the plaintiff.

The brief of the appellant is devoted to establishing the proposition that the defendant showed no title on the trial, but little is said on the subject of her own title. The question of the defendant's title was entirely immaterial, as the plaintiff must succeed on the strength of her own title, and not on the weakness of that of her adversary. The evidence showed that the premises belonged at the time of his death to Samuel Deronde, who died in the year 1834, leaving a will, which, so far as it relates to the property in controversy, is as follows:

"After all my just and lawful debts and funeral expenses are paid, I do give, devise, and bequeath to my wife, Elizabeth, as long as she remains my widow, all the rest and residue of my estate, of every nature and kind, wherever situate or being. And I do further give, devise, and bequeath to the widow and heirs of my brother, Isaac Deronde, deceased, after the death or remarriage of my said wife, Elizabeth, for and during each of their natural lifetimes, in equal proportions, all the residue of my real estate not herein otherwise disposed of, or sold by my executors, as above directed, and after each of their decease, then to their heirs and assigns, each set of children to enjoy that proportion thereof which would have belonged to their parents if alive."

The widow of the testator's brother was Margaret, and the heirs of the brother were two daughters, Martha Ann and Margaret. Since the abolition of the rule in Shelley's Case, the heirs of Martha and those of the two Margarets took as purchasers. The widow Margaret left as her heirs her two daughters, Martha and Margaret. Margaret the younger left as her heirs two children (one of them the plaintiff) and the children of a deceased child. Martha left two children.

The plaintiff contends that the remainders were not to vest until the death of all three of the life tenants, and then vested among the heirs of the two daughters equally. On this theory she bases the claim, set forth in the complaint, that she is seised of an undivided fifth. The language of the will does not afford even plausible ground for such contention. It is sufficient to say, however, that if the construction contended for was the true one, it would end the plaintiff's claim of title, for it would suspend the power of alienation for three lives, which would render the devise void. Under the will the plaintiff's mother, Margaret the younger, took a life estate in one-third and a remainder in another third, subject to be devested by her own demise prior to that of her mother, Margaret the elder. This remainder was subject to alienation (Sheridan v. House, *43 N. Y. 569; Moore v. Littel, 41 N. Y. 66), and Margaret the younger conveyed it away by her deed. She survived her mother, and hence, on her death, her heirs took only the third in which

she had held the life estate. The plaintiff is therefore seised of an undivided ninth of the premises.

Judgment reversed, and new trial granted; costs to abide the event. All concur.